VERMONT SUPERIOR COURT

Environmental Division

32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 17-2-20 Vtec



---

Town of South Hero,
Plaintiff,

v.

Zlotoff Foundation, Inc.; AIR Development, Inc.,
Defendants.

---

# DECISION ON MOTION

The Town of South Hero ("Town") brings this municipal enforcement action against AIR Development, LLC ("AIR") and Zlotoff Foundation, Inc. ("the Foundation"), seeking fines and injunctive relief to address certain alleged zoning violations. The Town issued two Notices of Violation ("NOVs") describing the alleged violations, and the Foundation has filed an appeal of the NOVs which is also pending before this Court (Docket No. 69-6-19 Vtec). The NOV appeal has been coordinated with this enforcement action. This Court's recent decision on summary judgment in the NOV appeal dismissed the NOV regarding the Foundation's Garage ("Garage NOV").[1] *See* Zlotoff Foundation, Inc. NOV (2), No. 69-6-19 Vtec, slip op. at 23 (Vt. Super. Ct. Envtl. Div. Sept. 24, 2020) (Durkin, J.). Therefore, the remaining issues in both dockets relate to violations alleged in the NOV directed at the Arnold Zlotoff Tool Museum ("Museum NOV"), which is run by the Foundation on property owned by AIR. *See* Id. at 25 (concluding that the Foundation has statutory standing under 24 V.S.A. § 4465(b)(3) to maintain its appeal of the Museum NOV and a genuine dispute of material fact exists with respect to the Museum's compliance with existing permit requirements).

---

[1] In that decision, we concluded that the Garage qualified as an independent structure under the South Hero Development Regulations and was therefore authorized by existing municipal approvals. *See* id.

-1-

Presently before the Court is a motion by AIR and the Foundation ("Defendants") to dismiss the Town's First Amended Complaint for Enforcement ("Amended Complaint"). In an Entry Order on October 5, 2020, we notified the parties that the motion will be treated as a motion for summary judgment pursuant to V.C.R.P. 12(b) and V.R.C.P. 56. *See* Town of South Hero v. AIR Development, LLC, No. 17-2-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Oct. 5, 2020) (Durkin, J.) (converting Defendant's motion into one for summary judgment). The parties have had an opportunity to submit any supplemental materials pertinent to summary judgment under Rule 56, and the motion is now ready for our consideration.

The Foundation and Air Development are represented by Alexander J. LaRosa, Esq. The Town is represented by William Andrew MacIlwaine, Esq.

## Standard of Review

We will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a), applicable through V.R.E.C.P. 5(a)(2). We accept as true all the nonmovant's allegations of fact, as long as they are supported by affidavits or other admissible evidence, and we give the nonmovant the benefit of all reasonable doubts and inferences. White v. Quechee Lakes Landowners' Ass'n, Inc., 170 Vt. 25, 28 (1999) (citation omitted); Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356. With these standards in mind, we proceed with our review of the pending motion.

## Factual Background

We recite the following facts, which we understand to be undisputed unless otherwise noted, based upon the record before us and solely for the purposes of deciding the pending summary judgment motion. These recitations do not constitute factual findings, since factual findings cannot occur until after the Court has completed a trial. Fritzeen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000) (mem.); *see also* Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14.

1.    The Zlotoff Foundation ("the Foundation") is a 501(c)(3) non-profit corporation registered in Michigan, with a principal place of business at 280 Daines Street, Third Floor, Birmingham, Michigan. Paul Zlotoff is the Foundation's Chairman.

2.    AIR Development, LLC ("AIR") is a manager-managed limited liability company, managed by Paul Zlotoff. AIR is also registered in Michigan, with the same principal place of business as the Foundation.

3.    The Foundation operates a museum in a 2-story renovated barn ("the Museum"), where it displays a collection of early American tools called the Arnold Zlotoff Tool Collection ("Tool Collection"). The first floor houses a vehicle collection (the "Z Motor Sports Collection") and the second floor displays the Tool Collection.

4.    The Museum is located on property known as the Apple Island Resort in South Hero, Vermont. The Apple Island Resort is owned by AIR. AIR leases the Museum building to the Foundation.

5.    On April 26, 2016, the Town Zoning Administrator ("ZA") sent a notice ("2016 notice") addressed to AIR. The 2016 notice sought to address the use of the building on the Apple Island Resort as an "antique tools collection, owned by Mr. Zlotoff" that is "periodically open to the public." *See* Town's Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss, at Pp. 3–5 filed Oct. 19, 2020 [hereinafter Town's Supplemental Memorandum]. A copy of the ZA's 206 notice is labeled as Exhibit F and contained in an attachment to the Town's Supplemental Memorandum that is labeled "Attachment 3."[2]

6.    The 2016 notice stated that the Planning Commission and the Zoning Board of Adjustment had not provided a subsequent approval to use the museum building beyond "private storage for owner and antique tool collection housing" as permitted by an approved October 18, 2007 Site Plan Review Application #RT0711-08-02B. The ZA directed that AIR must apply for a change

---

[2] The Town's Attachment 3 includes an affidavit from the Foundation's tax attorney, which introduces and contains copies of relevant documents, labeled Exhibits A through V. The Court found this labeling scenario somewhat difficult to decipher, especially within the recently enacted world of electronic filing. We recognize that electronic filing, especially under the new case management system known as Odyssey, has been somewhat challenging for all users. It would benefit the Court and its review of pending motions and any attached exhibits if parties would separately label and file as attachments each exhibit that the party wishes the Court to review.

of use from the Zoning Board of Adjustment and a site plan review from the Planning Commission to use the museum building for public use.  Id.

7.  On June 26, 2016, the ZA sent an additional notice ("2016 supplemental notice") to AIR warning that a Notice of Violation ("NOV") would issue unless site plan and change in conditional use approvals were obtained.  *See* Town's Supplemental Memorandum, at Attachment 3, Exhibit G.

8.  On August 3, 2016, AIR applied for an amendment to its conditional use and site plan approvals.  The Application stated the proposed use was a "Tool Museum."  The Application was approved on November 30, 2016.  *See* Town's Supplemental Memorandum, at Exhibit H.

9.  On February 6, 2019, the ZA sent a "warning notice" ("2019 warning notice") to AIR at the Michigan address shared by AIR and the Foundation.  *See* Defendants' Motion to Dismiss First Amended Complaint for Enforcement, filed Mar. 24, 2020 [hereinafter Defendant's Motion to Dismiss].  A copy of the 2019 warning notice, labeled Exhibit A, was attached to Defendants' Motion to Dismiss.

10.  The 2019 warning notice notified AIR Development that "the Z Motor Sports Collection is in violation of Table 2.2 of the South Hero Development Regulations" and AIR "has the opportunity to cure the violation by applying for conditional use and site plan review with the DRB."  *See* Town's Supplemental Memorandum, Exhibit 14.[3]

11.  On February 26, 2019, the ZA sent a NOV to "Zlotoff Foundation c/o AIR Development." The NOV was sent to the Michigan address shared by AIR and the Foundation.   *See* Town's Supplemental Memorandum, at Attachment 3, Exhibit C.

12.  This NOV concerned the Museum ("Museum NOV") and alleged that existing conditional use and site plan approvals were for the second floor of the Museum building only.  The NOV further alleged that publicly displaying the car collection on the first floor constituted an unauthorized enlargement of the original conditional use approval.

---

[3]  The Exhibit A filed with Defendants' Motion to Dismiss and the Exhibit 14 filed with the Town's Supplemental Memorandum appear to be separate but identical copies of the 2019 warning notice.

*Decision on Motion for Summary Judgment*
*Town of S. Hero v. AIR Development, LLC et al*, No. 17-2-20 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Dec. 31, 2020) (Durkin, J.).

13.     The NOV stated that "Z Motor Sports was given the opportunity to cure the violation" by applying for additional review "but did not respond by the February 14, 2019 deadline noted in the warning letter" sent on February 6. The NOV also advised: "You have the right to appeal this decision with the Development Review Board."

14.     On March 12, 2019, the Foundation appealed the NOV to the Town of South Hero Development Review Board ("DRB").

15.     On May 29, 2019, the DRB upheld the NOV issued by the ZA and denied the Foundation's appeal.

16.     The Foundation timely appealed the DRB's decision to this Court on June 19, 2019.

17.     On February 26, 2020, the ZA sent a "supplemental warning notice" ("2020 warning notice") to AIR at the Michigan address shared by AIR and the Foundation. *See* Town's Supplemental Memorandum, Exhibit 3. The 2020 warning notice stated that the museum remained in violation of South Hero Development Regulations and noted that the "violation must be abated within 7 days of this notice. No additional warning will be sent for a violation occurring after seven days." Id.

18.     Also, on February 26, 2020, the Town initiated this enforcement proceeding against Defendants.

## Discussion

Defendants argue that the Town's Amended Complaint should be dismissed for two reasons: (1) the Museum NOV is void as a matter of law; and (2) the Museum NOV represents an illegal collateral attack on a properly permitted use. We have already addressed Defendants' second argument in the context of the Foundation's NOV appeal. *See* Zlotoff Foundation, No. 69-6-19 Vtec at 11–12 (Sept. 24, 2020). While a town may not collaterally attack the terms of a final and binding permit, a town is free to argue "that the bounds of permitted use have been exceeded." *See* In re Barry, 2011 VT 7, ¶ 19, 189 Vt. 183 (quoting Hanson-Walbridge Funeral Home, Inc., 139 Vt. 288, 292 (1981)). The Town alleges, by way of the Museum NOV, that activities at the Museum have exceeded the scope of authorizations in the existing permits. We conclude that this municipal enforcement action is not based upon an impermissible collateral

*Decision on Motion for Summary Judgment*
*Town of S. Hero v. AIR Development, LLC et al, No. 17-2-20 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Dec. 31, 2020) (Durkin, J.).*

attack; the Foundation's ongoing NOV appeal will determine whether the Town's allegations have an adequate factual foundation.

In this proceeding, we are left with Defendants' contention that the Museum NOV is void as a matter of law. Defendants argue that the Museum NOV is void because it is deficient under 24 V.S.A. § 4451; it is fundamentally misleading; and it provides insufficient notice under principles of due process. Before going further, we must address the Town's assertion that both Defendants are barred from raising these arguments.

**I.    Whether Defendants are barred from arguing insufficient notice.**

The Town suggests that the Foundation waived any defense regarding the sufficiency of notice because it did not raise the issue when it appealed the NOV to the DRB and this Court. The Town also argues that AIR is barred from raising a notice defense because it did not appeal the NOV or participate in the Foundation's appeal. We disagree. The Town's position regarding the Foundation conflates this enforcement proceeding, an original civil action in the Environmental Division, with the ongoing NOV appeal (Docket No. 69-6-19 Vtec). *See* V.R.E.C.P. 3(5). Here, there is no underlying proceeding where the Foundation could have raised its defenses prior to its participation in this enforcement action.

We must also note the distinction between a challenge to the merits of the alleged violation and a challenge to the sufficiency of notice under statutory or constitutional requirements. If an alleged offender fails to appeal an NOV, that offender is barred from contesting the merits of the alleged violation in any other proceeding – including a subsequently-filed enforcement action. *See* 24 V.S.A. § 4472; Appeal of Newton Enterprises, 167 Vt. 459, 462–63 (1998) (appellee did not appeal NOVs and therefore could not challenge the existence of a violation in any subsequent proceeding). Yet even then, the alleged offender may raise statutory or constitutional defects in a notice. *See* Town of Hinesburg v. Dunkling, 167 Vt. 514, 521–24 (1998) (considering the adequacy of notice before concluding that a landowner "was barred from directly or indirectly attacking the [zoning board's] decision" in an enforcement action); Town of Chester v. Carrara, No. 60-5-15 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. Oct. 19, 2015) (Walsh, J.) (considering a constitutional challenge to the adequacy of notice); *see also* Town of

-6-

Sharon v. Radicioni, No. 56-6-18 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. Oct. 19, 2018) (Durkin, J.) (concluding that notice was proper under § 4451(a) and therefore the Town could seek judgment against the alleged offender). Thus, regardless of the status of the NOV appeal, we conclude that both Defendants are entitled to challenge the sufficiency of notice on statutory or constitutional grounds.

## II. Whether notice was sufficient pursuant to 24 V.S.A. § 4451(a).

Defendants also contend that both the 2019 warning notice and the Museum NOV are deficient and misleading pursuant to 24 V.S.A. § 4451(a). Defendants argue that the 2019 warning notice did not contain (1) facts that the support the finding of a violation; (2) the action that the town intended to take; (3) information on how to properly challenge the notice; and (4) were improperly addressed to AIR. *See* Defendant's Motion to Dismiss at 9–10. Additionally, Defendants argue the Museum NOV was insufficient because it was addressed to "Zlotoff Foundation c/o AIR Development" and did not identify the appropriate alleged offender. The Town counters that, if read as a whole, the warning notices and NOV are sufficiently clear for any reasonable person to understand. In addressing sufficiently of notice, we look first to the statutory requirements for such a notice.

Pursuant to 24 V.S.A. § 4451(a), a town may not bring an action seeking monetary penalties for zoning violations "unless the alleged offender has had at least seven days' warning notice by certified mail." Here, § 4451(a) provides that:

(1) The seven-day warning notice shall state that a violation exists, that the alleged offender has an opportunity to cure the violation within the seven days, and that the alleged offender will not be entitled to an additional warning notice for a violation occurring after the seven days.

(2) A notice of violation issued under this chapter also shall state:

(A) the bylaw or municipal land use permit condition alleged to have been violated;

(B) the facts giving rise to the alleged violation;

(C) to whom appeal may be taken and the period of time for taking an appeal; and

(D) that failure to file an appeal within that period will render the notice of violation the final decision on the violation addressed in the notice.

-7-

Id.

While the typical and recommended practice is to issue an NOV including all the information required by § 4451(a), the Town in this case took a different approach. The Town first sent the 2019 warning notice to AIR, stating that the display of the "Z Motor Sports Collection" was in violation of the South Hero Development Regulations, that the violation could be cured by filing an application with the DRB within seven days, and that a formal NOV would follow if there was no attempt to cure.[4] When the Town received no response, it issued the Museum NOV to the Foundation. The Museum NOV described the alleged violation, noted the relevant municipal regulations, and provided information on the appeal process. Thereafter, the Town issued a 2020 warning notice that included an additional opportunity to cure in stating that the "violation must be abated within 7 days of this notice" and initiated this enforcement action.

Defendants contend that both the 2019 warning notice and the Museum NOV itself are deficient, because neither provide all the necessary information pursuant to 24 V.S.A. § 4451(a). The Town urges us to make certain inferences and to read the two notices together; in so doing, the Town asserts that the statutory requirements are satisfied.

Defendants correctly note that alleged offenders are entitled to an opportunity to cure before a town can seek the financial penalties in an enforcement proceeding. *See* 24 V.S.A. § 4451(a); *see also, e.g.*, Dunkling, 167 Vt. at 526 (1998) (discussing an earlier version of the statute, then codified as 24 V.S.A. § 4444(a)); *see also* In re Fennessey's 20 West Main St., LLC, No. 14-1-10 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Aug. 19, 2011) (Wright, J.) ("[A] municipality must provide a seven-day warning notice (notice of violation) and opportunity to cure, before commencing an enforcement action by filing a complaint pursuant to V.R.E.C.P. 3(5)."). By curing the violation within seven days, an alleged offender can avoid any potential

---

[4] While not statutorily required, this Court's experience is that prosecuting municipalities will often contact alleged zoning violators, including in writing, well in advance of serving a notice of alleged zoning violation on the alleged offender, all in an effort to negotiate with the alleged offender and in the hopes of convincing them to voluntarily cure the alleged violation. *See e.g.* Town of Fairfax v. Beliveau, No. 274-11-08 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Mar. 30, 2012) (Wright, J.) (noting the use of warning letters prior to the issuance of a formal NOV); Town of Westford v. Mathieu, No. 153-9-10 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. June 09, 2014) (Durkin, J.) (noting several warnings that did not constitute formal NOVs).

-8-

fines or enforcement proceedings. *See* Dunkling, 167 Vt. at 526; APC Property LLC dba Burlington Bedrooms, Nos. 71-6-15 Vtec and 116-9-15 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Jan. 21, 2016) (Walsh, J.). In this case, the Town's initial two-part method of notice, including the 2019 warning notice and Museum NOV, did not provide coherent, singular notice of the reasonable or practical opportunity to cure the alleged violation and avoid the fines. To illustrate the problem, we start with the alleged violation itself: the Town alleges that Defendants exceeded the bounds of an existing conditional use approval by displaying the Z Motorsports Collection for the public to view on the first floor of the Museum. The warning notice states in relevant part:

> . . . Z Motor Sports Collection is in violation of Table 2.2 (Allowed Uses) of the South Hero Development Regulations. Public facilities require Conditional Use and Site Plan review by the South Hero Development Review Board. Z Motor Sports has the opportunity to cure the violation by applying for conditional use and site plan review with the DRB by Thursday, February 14, 2019.

Defendants' Motion to Dismiss, Exhibit A, filed Mar. 24, 2020.

The warning notice does not describe the alleged violation or the penalties incurred if the violation persists. Defendants could conceivably attempt to cure by applying for an amendment to its conditional use and site plan approvals, but the notice does not provide an indication as to what the contents of that application should be and fails to inform Defendants of all available or alternative methods of curing.[5]

Under §4451(a)(1) a seven-day warning notice must "state that a violation exists [and] that the alleged offender has an opportunity to cure." Indeed, as an elementary and fundamental principle of due process, a seven-day notice must reasonably apprise a defendant on the alleged violation such that the Defendant is aware of the claimed remedial action to be taken and afforded the opportunity to present their objections. Town of Sharon, No. 56-6-18 Vtec at 2 (Oct. 19, 2018) (*citing* Town of Randolph v. Estate of White, 166 Vt. 280, 283 (1997) (citation omitted)).

---

[5] The 2019 warning notice does not inform Defendants that the violation may be cured by ceasing to operate the museum.

*Decision on Motion for Summary Judgment*
*Town of S. Hero v. AIR Development, LLC et al, No. 17-2-20 Vtec slip op. (Vt. Super. Ct. Envtl. Div. Dec. 31, 2020) (Durkin, J.).*

Here, the subsequently issued Museum NOV provides the information necessary to apply for the proper approvals and satisfy due process requirements, but the NOV was issued after the time to cure had expired. The NOV states:

> Prior conditional use and site plan approval . . . in Application #17-08-RT071B was for use of the second floor of the museum barn only. . ..
>
> Z Motor Sports' use of the bottom floor constitutes an enlargement of the original conditional use (per Section 303.E) and therefore requires additional conditional use review. . .
>
> Z Motor Sports was given the opportunity to cure the violation by applying for conditional use and site plan review but did not respond by the February 14, 2019 deadline noted in the warning letter. . .. You are subject to fines of up to $200 per day for as long as the violation continues . . ..

Defendants' Motion to Dismiss, Exhibit C.

Thus, by the time Defendants had the information necessary to cure the alleged violation, they would have already been subject to penalties. Indeed, the statutory requirements of notice were not satisfied until the issuance of the 2020 warning notice, which provided an additional seven days to "abate" or cure the violation. *See* Town's Supplemental Memorandum, Exhibit 3.; Dunkling, 167 Vt. at 526 ("Upon notice of a violation, the alleged offender is permitted to cure the violation, and if cured, no penalty will be assessed.").

However, when viewing the Museum NOV and 2020 warning notice together, we conclude that the Town's two notices satisfy § 4451(a), since Defendants were provided an additional seven days to cure and the Museum NOV incorporated a reference to the Town of South Hero Regulations, facts giving rise to the violation, appropriate steps for taking an appeal, and the necessary notification of potential fines. *See* 24 V.S.A. § 4451(a) (stating that an enforcement action can be brought after "the alleged offender has had at least seven days' warning notice by certified mail").

We believe one further clarification is warranted. Fines are only allowed to accrue from the date after the 7-day warning period to cure has ended. Town of Brattleboro v. Lawrence, No. 68-6-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Oct. 19, 2015) (Walsh, J.) (noting that while an NOV was issued March 10, 2015, the daily fines began counting seven days after opportunity

to cure was passed on March 17, 2015); *see also* <u>Town of Calais v. Noordsij</u>, No. 142-6-06 Vtec, slip op at 5–6 (Vt. Envtl. Ct. Feb. 09, 2009) (Wright, J.) (stating that § 5441(a) "indicates that the violation period commences seven days after the Notice of Violation issues"); <u>Town of Halifax v. LeMay</u>, No. 64-6-18 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Jan. 16, 2019) (Walsh, J.). Therefore, since the 7-day opportunity to cure requirement was not perfected until February 26, 2020, the fines are calculated beginning on March 5, 2020: 7 days after the 2020 warning notice was issued.

We next address whether the notice was deficient for failure to properly address the 2019 and 2020 warning notices and NOV to the alleged offender. Defendants argue that (1) the 2019 and 2020 warning notices are addressed to AIR, which does not operate the Museum and (2) the Museum NOV is addressed to "Zlotoff Foundation c/o AIR Development," which is a separate entity from AIR. Defendant contends this notice is affirmatively misleading as it deprives the alleged offender of due process. The Town counters that the warning notices and Museum NOV, when read as a whole, provide reasonable notice since Defendants share the same address, the same principal officer, have a landlord-tenant relationship, and the content of the notices provide clarifying information such that a reasonable person could identify the "person, place, or thing at issue." *See* Town's Supplemental Memorandum at 5 (*citing* <u>Chester</u>, No. 60-5-15 Vtec at 2 (Oct. 19, 2015).

Pursuant to § 4451(a), no action may be brought unless the "alleged offender" has notice. "In the context of a violation of a zoning ordinance, an offender is the person implicated in the commission of the violation." *See* <u>Town of Sharon</u>, No. 56-6-18 Vtec at 2 (Oct. 19, 2018) (declining to limit the term "alleged offender" to the property owner). Moreover, "[n]otice need not be technically perfect in every respect." <u>Chester</u>, No. 60-5-15 Vtec at 2 (Oct. 19, 2015) (*citing* <u>Town of Randolph v. Estate of White</u>, 166 Vt. 280, 284 (1997)). Generally, minor errors do "not render [an] NOV so vague as to prevent a reasonable person from understanding its scope and purpose." <u>Id</u>.; *see* <u>Sec'y, Vermont Agency of Natural Res. v. Irish</u>, 169 Vt. 407, 411 (2007) (noting that notice is sufficient if person of ordinary intelligence would understand what is prohibited).

-11-

In an analogous case, this Court concluded that an "alleged offender" was not limited to a property-owning LLC, and therefore an enforcement action could be brought against a defendant at their personal residence when the Defendant may use or occupy the subject property.[6] *See* Town of Sharon, No. 56-6-18 Vtec at 1–3 (Oct. 19, 2018). In Town of Sharon, however, this Court noted that since the Defendant and not the LLC was named on the NOV, naming the LLC as a party would run afoul of due process. Id. at 2–3. Here, both AIR and the Foundation were named on the Museum NOV. Additionally, "any ambiguity in the greeting [can be] resolved by the specific description of the alleged violation — activities that only pertained to [the alleged offender]." Chester, No. 60-5-15 Vtec at 2–3 (Oct. 19, 2015) (noting that defendant can be identified as the alleged offender because the NOV only pertained to defendant's commercial trucking business, which reinforces the identity of the intended recipient).

The 2019 warning notice and Museum NOV refer specifically to the "Z Motor Sports Collection" of the Museum, are addressed to the principal place of business in Michigan that both Air and the Foundation share, address the same violation of the Table 2.2 of the South Hero Development Regulations, and note that a public museum use requires conditional use and site plan review by the DRB. These specific descriptions reinforce that the identity of the alleged offender and intended recipient of the NOV. *See* Id. at 3.

Ultimately, while it may be the case that the Town could have addressed the NOV only to the Foundation as the operator of the museum, the Court finds that the NOV, as it currently exists, adequately informed both Defendants (one as the property owner and the other as the tenant operator) that the NOV was directed at the Foundation's use of the property and Air's

---

[6] In Town of Sharon, this Court noted that the Town was aware Defendant was (1) the sole listed member and registered agent of the LLC; (2) the sole fee owner of the subject property; and (3) had previously interacted with the Town and Selectboard regarding the property's pending NOV. Town of Sharon, No. 56-6-18 Vtec at 3 (Oct. 19, 2018). We concluded that these facts did not serve as a factual foundation for granting a Defendant's motion to dismiss the Town of Sharon's enforcement action. Id.

In the same vein, the facts that Mr. Paul Zlotoff is (1) the chairman of the Foundation, (2) manager of AIR, and (3) previously applied for conditional use and site plan review for the Museum as "AIR" serve as factual foundation for denying Defendant's motion to dismiss this enforcement action.

allowance of that use on its property, and that the Town would proceed with an enforcement action if that use did not cease.

### Conclusion

For the foregoing reasons, we conclude that notice to Defendants was sufficient because the Museum NOV and the 2020 warning notice, when read together and in context, satisfy all notice requirements contained in § 4451(a) and the Foundation, as the alleged offender, was adequately informed that the NOV was directed at the Foundation's operation of the Museum. If the violation were left unabated, the notice also provided clear warning that the Town would proceed with an enforcement action. When viewing the presented factual representations in a light most favorable to the Town, we conclude that Defendants' motion for summary judgment must be **DENIED**.

The Court requests that the Court Operations Manager set this matter for a remote conference, so that the Court may discuss with the parties the scheduling of a remote trial.

Electronically signed on December 31, 2020 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division